CHRISTIAN FEIGENSPAN, A CORPORATION, v. WILLIAM C. PHILLIPS.

Decided June 7, 1923.

**Notes—Secured by Chattel Mortgage—Plaintiff Assumes Possession of Goods Mortgaged—Sells and Sues on Note to Recover Deficiency.**

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *Meyerson & Ely.*

*Contra, James H. Bolitho.*

PER CURIAM.

This action was brought to recover the amount alleged to be due upon a promissory note for $967.15, dated September 7th, 1920, and drawn by the defendant to the order of the plaintiff. The note was payable one day after date, and was made under the following circumstances: In May, 1916, the defendant and one Marvin W. Anderson formed a partnership for the purpose of carrying on a hotel business in the town of Dover. In order to finance the undertaking, the plaintiff, Feigenspan, loaned these partners $4,017, and received a note from them for that amount, secured by a chattel mortgage upon the fixtures of the hotel. Payments were made upon the indebtedness from time to time until the giving of the note in suit. At that time the partnership between Anderson and Phillips was dissolved, the latter took over the business, the original note was surrendered, and the chattel mortgage canceled. The indebtedness had by that time been reduced to $967.15, and Phillips gave to Feigen-

span to secure this amount his own note and a new chattel mortgage upon the fixtures. In 1922, nothing having been paid on this new note in the meantime, the plaintiff demanded payment and the demand not being complied with, took possession of the property covered by this new chattel mortgage, and brought this suit on the note. While the suit was pending the plaintiff caused the property covered by the chattel mortgage to be sold at public sale, according to law, and credited the amount brought at the sale on the note, and its claim before the jury was that it was entitled to recover the amount of the note, with interest, less the credit just mentioned. The facts recited were not disputed, but the defendant claims that he was not liable, for two reasons: *First,* because the plaintiff took possession of the property covered by the chattel mortgage under an agreement between the parties by which the plaintiff accepted these chattels in full satisfaction of the debt. The other claim was that the property covered by the mortgage and sold at public sale was, in fact, worth much more than the amount of the note, and that, therefore, there was no liability remaining after the sale had been made. The jury found a verdict in favor of the defendant, and necessarily concluded that the defendant was entitled to succeed on one or the other of these claims. Their conclusion is manifestly the result of prejudice and without justification. The claim that the chattels were taken possession of under an agreement that their acceptance should satisfy the debt was practically without support in the proofs, even by the testimony of the defendant himself, and the testimony that no such contract had been made was almost conclusive upon this fact.

So, too, the claim that the property covered by the chattel mortgage did not bring its fair value at the public sale thereof is equally without support. These chattels were second hand, many of them old and in a dilapidated condition, as the defendant himself stated on the witness-stand. Moreover, there was no proof at all offered by the defendant to show what the market value of these chattels was at the time of the

sale, or that they were worth more than the price brought at the sale.

In this situation, the verdict of the jury, as we have before stated, was entirely without justification, and the rule to show cause must, therefore, be made absolute.